## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 3185 | **DATE** | 12/29/2003 |
| **CASE TITLE** | Michael Baker et al vs. George DeTella, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: It is therefore ordered that the motion for summary judgment [145-1] is granted. All other pending motions are denied [142-1,2], [147-1] as moot. This case is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 30 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL BAKER, #N 10272 and
JAMES DELANEY, # B41410

        Plaintiffs,

v.                         Case No. 96 C 3185

GEORGE DETELLA, ET AL.,

        Defendants.       Judge Wayne R. Andersen

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Michael Baker, currently an inmate at Stateville Correctional Center("Stateville"), and James Delaney, currently an inmate at Logan Correctional Center, have brought this pro se civil rights action pursuant to 42 U.S.C.§1983. They claim that the defendants, officials at Stateville Correctional Center, violated their constitutional rights by exposing them to unconstitutional conditions of confinement at Stateville. This matter is before the court for consideration of the defendants' motion for summary judgment. The motion was filed September 8, 2003, and defendants served each Plaintiff with the LR56.2 Notice to Pro Se Litigant as required by this court, along with their motion. Plaintiff Delaney failed to respond at all; Plaintiff Baker failed to file a response and instead filed "motion in objection" and"motion to dismiss defendants' motion for summary judgment". He filed no supporting evidence and failed to comply with any of the requirements of LR 56.1. For the reasons stated in this order, the motion is granted.

1

## STANDARD OF LAW

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul Univ.*, 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283, 1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F. 3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Background

Plaintiffs originally had two claims in their complaint. There was a First Amendment violation alleging that during lockdowns at Stateville during 1996, no Muslim religious services were allowed. This claim was dismissed by this court's order of February 2, 1998. The second claim alleges that from February to June of 1996 plaintiffs' cell was cold because of nearby

2

construction activity. Further, as a result of the construction, plaintiffs claim that they were exposed to chemical fumes. And finally, they allege that during this time period there was no hot water in their cell.

As discussed in this court's February 2, 1998 order, (Order p. 4) plaintiffs did not appeal their grievance about these conditions, as is required by the Illinois Department of Corrections administrative review process. The court ruled that they could nevertheless continue with their case, based on law relevant at that time. However, since then, both the United States Supreme Court and subsequently the Seventh Circuit, have issued opinions clarifying the requirements of the Prison Litigation Reform Act with regard to exhaustion of administrative remedies. For this reason, this court's February 2, 1998 order, only insofar as it addresses the exhaustion issue, is stricken. All other aspects of that order remain.

### Defendants' LR56.1 statement of facts

Plaintiffs have failed to file any response to defendants' LR56.1 statement of facts. Therefore, the defendants' statement of facts which are supported by the following evidence submitted with their motion, are accepted as true: transcript of Plaintiff's testimony before the court on August 23, 1996; affidavit of Terry Anderson, Administrative Review Board Chairperson; depositions of both plaintiffs; affidavit of William Schriever, Chief Engineer of Stateville Receiving and Classification Center; affidavit of Dr. Elyea, Chief Medical Officer of the Illinois Department of Corrections.

A summary of the statement of facts is as follows:

Plaintiffs, former Stateville inmates, allege that from February to June, 1996, they endured unconstitutional conditions of confinement. The defendants are Anthony Ramos,

Kevin Laskey, Venetia Wright, Thomas Hoyt, Clay Roby and Marcus McBride. Defendants DeTella and Springborn were dismissed. All the defendants were correctional staff at Stateville during the time in question. Plaintiffs allege that the defendants left them in a cell which was excessively cold, exposed them to chemical fumes due to a construction project nearby, and had no hot running water.

The complaint was filed on May 29, 1996, although the conditions complained of occurred from February-June of that year. Plaintiffs failed to exhaust their administrative remedies with respect to the cold cell conditions, exposure to harmful chemical fumes or lack of hot water during the time in question. (SF #8).

Defendants describe the cell condition as follows: There was a hole cut into the wall of E House to create a fire door. This door was not on the same floor as plaintiffs' cell and was covered by sheet metal for insulation. Plaintiffs had multiple blankets in their cell. E House had four heating units about 20 feet from their cell. In addition, it had heat radiating from hot water pipes running along the gallery and behind the cell walls. There was a ventilation system which included two smoke exhaust fans on plaintiffs' gallery. These fans were operational during the time period in question. There is no indication that the hot water valve in plaintiffs' cell was broken. There was welding done in E House about 32 feet from Plaintiffs' cell.

Additionally, although each Plaintiff was a smoker and had chronic health conditions that predated their living in this cell, their health conditions were not exacerbated by the alleged cell conditions. Specifically, Plaintiff Baker had cryptic tonsillitis and was treated twice in 1995 and once in 1996. He was not seen during the relevant time period by medical staff for any complaints regarding respiratory problems. Plaintiff Delaney had mild asthma. He was treated

4

nine times during the year preceding this case, but had no asthma attacks during the relevant time period. "To a reasonable degree of medical certainty, plaintiffs did not suffer any medical condition related to exposure to cold or chemical fumes from February to June 1996." SF # 51. They were both treated for ailments subsequent to this time related to their preexisting conditions.

To summarize, defendants' statement of facts, plaintiffs failed to exhaust administrative remedies as required by current law, and also did not suffer a serious injury as a result of cell conditions between February and June, 1996. Further, the cell was not cold and did have hot running water, and no harmful fumes existed as a result of the construction work.

Plaintiff Baker submitted no response to the statement of facts and no statement of his own. Instead, he submitted two motions. The "Motion in Objection and request for ruling" coupled with a "Motion for Judgment by Default" were each verified. Because of the verification, the court will treat these motions as affidavits in support of the complaint. Plaintiff Baker states that he reminds the court that he suffered severe and chronic throat problems from the exposure to toxic smoke and chemical fumes, and persistent cold indoor temperatures from February to June, 1996. He further states that he has not been allowed to have a tonsillectomy subsequent to the filing of the complaint. He submits no other evidence.

**DISCUSSION**

Initially, the court must review the issue of exhaustion of administrative remedies before it reaches the merits of the case. The Illinois Department of Corrections has a three-step grievance procedure. *See* 20 Ill. Admin. Code § 504.800 et seq. (1998) (detailing grievance procedure). If a prisoner has a grievance or complaint, he should first go to a counselor. 20 Ill.

Admin Code § 504.810 (1998). If no relief is provided by the counselor, a prisoner can then file a written grievance. *Id.* Finally, if the written grievance is dismissed, he can appeal to the Director of the Department. *Id.* The Administrative Review Board("ARB"), as the Director's designee, reviews the appeal and determines whether a hearing is required. The ARB submits a written report of its findings and recommendations to the Director or his designee, who then reviews the report and makes a final determination on the grievance. There is also a statute of limitations requiring that written grievances be filed within six months of the incident or problem complained of. *Id.* If a written grievance is not filed within that period, it will be dismissed as untimely. *Id.* However, an untimely grievance can still be considered if the inmate can show that there is good cause for the delay. *Id.; Dixon v. Page,* 291 F. 3d 485, 489 (7th Cir. 2002).

Under the Prison Litigation Reform Act ("PLRA") 42 U.S.C.§ 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiffs admit that they failed to exhaust administrative remedies. Delaney transcript pp.12, 16; Court Order of February 28, 1998, p. 4, finding that plaintiffs failed to appeal their grievance. Their entire response consists only of the argument that this court's prior order finding that plaintiffs complied with exhaustion requirements, should be the basis for denying defendants' motion.

Defendants correctly point out that since this court's 1998 ruling on this issue, the Supreme Court decided *Booth v. Churner,* 531 U.S. 956 (2001), holding that the PLRA requires administrative exhaustion even where the prison grievance process does not permit an award of money damages and the prisoner seeks only money damages, as long as grievance tribunal has

authority to take some responsive action. *See also Porter v. Nussle*, 534 U.S. 516 (2002); *Larkin v. Galloway*, 266 F. 3d 718, 722 (7th Cir.2001)(quoting *Booth*, "the very fact of being heard and prompting administrative change can mollify passions even when nothing ends up in the pocket."(citation omitted)) ; *Smith v. Zachary*, 255 F.3d 446 (7th Cir.2001); *Johnson v. Litscher*, 260 F.3d 826( 7th Cir. 2001); *Massey v. Helman*, 259 F. 3d 641 (7th Cir. 1999). (exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). These Supreme Court and subsequent Seventh Circuit holdings clarified a previous law; these rulings require this court to alter its prior non-final order in this case. The court would have done so on its own motion, even if defendants had not submitted this motion. There is no doubt now that complete exhaustion is a requirement of prisoners filing civil right suits, regardless of the remedy they seek, and there is no dispute that plaintiffs failed to appeal their denial of a grievance and therefore failed to exhaust administrative remedies available to them at the time. "A prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). As in *Pozo*, plaintiffs here filed a grievance but failed to appeal it to the highest level. To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. Thus plaintiffs failed to exhaust administrative remedies, and their federal suit must be dismissed.

Merits of plaintiffs' condition claim

Because this case has been pending for seven years, the court will address the merits of

7

Plaintiffs' claims to clarify that if this motion had been determined on the merits, the court nevertheless would grant the motion and dismiss the case. The court reiterates that plaintiffs' failed to respond to the motion for summary judgment with adequate supporting evidence, thereby creating no dispute on the material facts.

Injury from the cell conditions

The PLRA requires an inmate to show some physical injury in order to recover for damages. *See* 42 U.S.C.§1997e(e); *Zehner v. Trigg,* 133 F. 3d 459, 461 (7th Cir. 1997). The facts presented by defendants, through affidavit of Dr. Elyea, through deposition statements of plaintiffs, and through medical records, show that plaintiffs did not suffer any serious injury from whatever conditions existed in their cell during the February-June, 1996. Plaintiffs' "reminder" that they did suffer, as stated in his "motion for default" is not evidence to the contrary, especially in light of plaintiffs' depositions in which at least one of them admitted that they did not suffer any serious health problems during the time in question. Plaintiff Delaney admits that he saw a doctor who told him that the fumes and the construction conditions were not harmful. The doctor said he was "okay" for the moment. Delaney Tr. p. 22. Plaintiff Baker's medical condition showed a history of chronic bronchitis. He was treated for an upper respiratory infection on November 27, 1995, and a sore throat on February 8, 1996. He had no further medical complaints until February 10, 2000. Affidavit of Dr. Willard Elyea. And finally, in Dr. Elyea's affidavit, para. 13, he states "to a reasonable degree of medical certainty, after reviewing both Plaintiffs' medical records there is no indication that either suffered any medical condition, serious or otherwise related to alleged exposure to cold or chemical fumes from February to June of 1996."

Plaintiff's additional gratuitous comment that he has not received a tonsillectomy is not relevant to this case.

Cell conditions

Plaintiffs failed to support their complaint with any evidence that the conditions were as they alleged. The hole that was made by the construction, was covered with metal sheets with a fiberglass cushion. Baker Tr. p. 18, 30. The affidavit of William Schriever, the Chief Engineer at Stateville, stated that the heating system was working, the ventilation system was functioning appropriately, and there were no hot water work orders for the time in question. Finally, in Plaintiff Baker's's deposition he admits that the "hole" from which the cold air was coming inside, was covered with metal and a fiberglass cushion. Baker dep. p. 18.

Without any contrary evidence from Plaintiff on these issues, the material facts remain undisputed. Further, there is no allegation that any defendant was deliberately indifferent to plaintiffs' health or safety. To the extent that plaintiffs were housed in a wing that was under construction, Plaintiff has failed to provide any evidence that this was intentionally done to harm the plaintiffs or that these defendants had any personal involvement in maintaining these cell conditions.

## CONCLUSION

It is therefore ordered that the motion to for summary judgment is granted. All other pending motions are denied as moot. This case is dismissed in its entirety.

ENTER:

_____
WAYNE R. ANDERSEN
UNITED STATES DISTRICT COURT

DATED: December 29, 2003